**JESSIE CRAWLEY, as Administratrix of the Estate of James D. Crawley Deceased, and JESSIE CRAWLEY, Individually, Plaintiff**

v.

**LEON RONALD ARENS d/b/a LATITUDE 18, STEVEN SCOTT and DR. DONALD YOUNG, Defendants**

Civil No 88-335

District Court of the Virgin Islands

Div. of St. Thomas and St. John

September 19, 1990

FRED VIALET, JR., ESQ., St. Thomas, V.I., *for plaintiff*

CAROL G. HURST, ESQ. (DUDLEY, TOPPER & FEUERZEIG), St. Thomas, V.I., *for defendants*

GREEN, *District Judge*

## MEMORANDUM

THIS MATTER comes before the Court on motion of defendants Leon Ronald Arens d/b/a Latitude 18 ("Arens") and Dr. Donald Young ("Young") pursuant to Fed. R. Civ. P. 60(a) for the Court to clarify Judge O'Brien's Order of Dismissal issued March 23, 1989. For the reasons that follow, the Court determines that the Order of Dismissal issued March 23, 1989, only dismissed paragraphs 8, 11, and 15 of the complaint.

## I. FACTS AND PROCEDURE

On October 26, 1988, Jessie Crawley ("Crawley") filed a complaint claiming damages resulting from the alleged negligence of Arens, Young and Steven Scott ("Scott"). The underlying incident occurred

on or about October 26, 1986.[1] Arens and Young were served with summons and complaint and appeared, but Scott was not served with summons and complaint and never entered an appearance. Arens and Young never answered the complaint. Instead, on January 9, 1989, Arens and Young moved for an order requiring Crawley to provide a more definite statement of her claims against Arens and Young pursuant to Fed. R. Civ. P. 12(e). On February 3, 1989 both attorneys involved, Fred Vialet, Jr. and Carol G. Hurst, signed a stipulation for extension of time to respond to the motion for a more definite statement. The stipulation, ordered by Magistrate Barnard, granted an extension until February 17, 1989. Magistrate Barnard granted the extension because plaintiff's attorney was in an accident and could not maintain his workload. On February 10, 1989, Judge O'Brien ordered Crawley to provide Arens and Young a more definite statement within ten (10) days. The February 10, 1989 order erroneously stated that the stipulation (signed by both attorneys and Magistrate Barnard) granted the extension until February 3, 1989 instead of the actual date of February 17, 1989. Nevertheless, the ten (10) day period and the date established by stipulation passed without any response from Crawley. On February 28, 1989, Crawley filed an untimely response to the motion for a more definite statement. Crawley's February 28, 1989 response did not comply with the Court's order requiring a more definite statement.

On March 8, 1989 Arens and Young moved to dismiss Crawley's complaint for failure to comply with the Court Order requiring a more definite statement. Crawley again didn't oppose this motion. Judge O'Brien, on March 23, 1989, entered an Order of Dismissal that stated that defendants' motion to dismiss is granted and paragraphs 8, 11, and 15 of the complaint in this matter are dismissed. On April 7, 1989, Magistrate Barnard entered an Order permitting Crawley, by leave of the Court,[2] to serve Scott by publication. Also, on April 19, 1989 Crawley filed an amended complaint.

In support of their position that the order dismissed the entire complaint as to all defendants, Arens and Young assert that: (1)

---

[1] The underlying action is a wrongful death action. James Crawley while on board a vessel named the "September Morn" fell and drowned. Plaintiff claims that James Crawley's death was a result of defendants' negligence.

[2] While this order did not specifically state that it granted permission to serve Scott by publication nunc pro tunc, it is evident that the 120 days allowed to serve Scott had passed.

Judge O'Brien relied on Fed. R. Civ. P. 41(b) in entering the Order of Dismissal; (2) an Order of Dismissal pursuant to Fed. R. Civ. P. 41(b) resulted in dismissal with prejudice as to all defendants; and (3) the Magistrate was without jurisdiction to enter the order permitting Crawley to serve Scott by publication.

## II. DISCUSSION

### A.

Judge O'Brien entered an order on February 10, 1989 requiring Crawley to provide a more definite statement of her claims against Arens and Young. He entered the order at the request of Arens and Young pursuant to Fed. R. Civ. P. 12(e). Crawley did not comply with the Court Order. Based on Crawley's failure to comply with the February 10, 1989 order, Judge O'Brien entered an Order of Dismissal on March 23, 1989. The Order of Dismissal in question states:

> IT IS HEREBY ORDERED:
>
> THAT the motion of defendants Leon R. Arens d/b/a Latitude 18 and Donald Young to dismiss is GRANTED[1], and
>
> THAT paragraphs 8, 11 and 15 of the complaint in this, matter are DISMISSED.
>
> [1] Plaintiffs failed to timely oppose the motion for a more definite statement, and failed to comply with our order dated February 13, 1989.

Clearly this order is expressly limited three paragraphs of the complaint and is not ambiguous on its face. Although the Order of Dismissal does not specifically state what Rule it relies on, clearly Judge O'Brien relied on Fed. R. Civ. P. 12(e). Defendants' motion for a more definite statement relied on Rule 12(e). It follows that when Judge O'Brien issued his order he also relied on Rule 12(e). Rule 12(e) states:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Part of this rule permits sanctions for non-compliance with a court order. Rule 12(e) states that an appropriate sanction, for noncompliance of an order for a more definite statement, is either striking the pleading to which the motion is directed or issuance of an order as the Court deems just. Defendants insistence that Judge O'Brien relied on Rule 41(b) are misplaced. The Court finds that under the circumstances, Judge O'Brien relied upon Rule 12(e) when he entered the Order of Dismissal.[3]

Defendants claim that the sanction issued was dismissal of the entire complaint. In reviewing the record, the court determines that Judge O'Brien's order is quite clear, he did not dismiss the complaint in its entirety. Instead he dismissed the three paragraphs of the complaint specifically listed in the second sentence of the order. The order issued February 10, 1989 directing plaintiff to provide a more definite statement, explicitly states that paragraphs 8, 11, and 15 of the complaint are ambiguous. This order directed plaintiff to provide a more definite statement as to paragraphs 8, 11, and 15 within ten (10) days of the order. Consequently, when plaintiff didn't comply with the order, Judge O'Brien dismissed paragraphs 8, 11, and 15 of the complaint. The order expressly stated and limited the relief granted. It expressly granted dismissal but limited it to the paragraphs listed. The Court finds that the order only dismissed paragraphs 8, 11, and 15 of the complaint.

In support of the assertion that the order dismissed the entire complaint, Arens and Young point to the fact that the Clerk of the Court closed the file. They also argue that closing the file indicates that the dismissal was effective as to all defendants (including Scott). Since Judge O'Brien's order authorized dismissal only of paragraphs 8, 11, and 15, the Clerk of the Court was not authorized to close this civil action. The Clerk apparently inadvertently closed the file. Clearly the Clerk lacked authority to close the file and the order of March 23, 1989 cannot be construed as authorization to

---

[3] In the footnote, the order clearly refers to portions of Rule 12(e). The footnote refers to plaintiff's failure to timely oppose the motion for a *more definite statement*, and plaintiff's failure to comply with the *order for a more definite statement*.

close. Accordingly, the Clerk will be directed pursuant to Fed. R. Civ. P. 60(a) to reopen the file.[4]

### B.

■ Defendants assert that Magistrate Barnard lacked jurisdiction when he entered the order granting service by publication on Scott. They claim that Judge O'Brien dismissed the action and therefore Magistrate Barnard's order was improper. The magistrate's general grant of jurisdictional power is in 28 U.S.C.A. § 636 (West Supp. 1989). In 28 U.S.C.A. § 636(b)(1)(A), it states that "a judge may designate a magistrate to hear and determine any pre-trial matter pending before the court" except certain motions that are dispositive of the action.[5] In the Virgin Islands the magistrate's grant of jurisdictional power to determine pre-trial matters is codified in V.I. Code Ann. tit. 5, App. V Rule 17. It designates the magistrate "to hear and determine in all civil causes any pre-trial matter pending before the court" except motions that are dispositive of the action.[6]

---

[4] Fed. R. Civ. P. 60(a) provides:

> (a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

[5] Subsection (b)(1)(A) states:

> (A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this paragraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary law.

[6] Shortly after Congress adopted § 636, the then Chief Judge of the District Court of the Virgin Islands, Almeric L. Christian, issued an order designating the magistrate the jurisdictional authority to determine all pretrial matters pending before the Court (except dispositive motions). See Rules of the District Court of the Virgin Islands, In the Matter of the Court, Misc. No. 79-2, Order January 25, 1979 (signed by Chief Judge Almeric L. Christian and District Judge Warren H. Young). The order promulgating Rule 17 states:

> Pursuant to Rule 16, Federal Rules of Civil Procedure and Section

The magistrate has jurisdiction to decide all such pretrial matters. Service by publication is a pretrial matter that is not dispositive of the action and having determined that the order of Judge O'Brien did not dismiss this civil action, it was within the magistrate's jurisdiction to enter an order granting service by publication. The fact that the Clerk of the Court inadvertently closed the file is not a sufficient bases to conclude that the magistrate was divested of jurisdiction to enter an order granting Crawley leave to serve Scott by publication.

■ In the alternative, defendants argue that even if Magistrate Barnard had jurisdiction, the 120 day limit permitted by Fed. R. Civ. P. 4(j) had passed and the complaint should have been dismissed on the Court's initiative pursuant to Rule 4(j). Fed. R. Civ. P. 4(j) requires service to a party in the action within 120 days of the filing of the complaint. First, Judge O'Brien did not rely on this Rule when he dismissed paragraphs 8, 11 and 15 of the complaint. At the time of Judge O'Brien's Order of Dismissal, it was obvious that the 120 days had passed and Crawley had failed to serve Scott or request an extension to serve Scott. Since Judge O'Brien did not dismiss the action against Scott pursuant to Rule 4(j) the Court will not enter an order based on what defendants believe should have been done. Second, pursuant to 28 U.S.C.A. § 636(b)(1)(A) and V.I. Code Ann. tit. 5 App. V Rule 17, the magistrate did have jurisdiction to enter an order, nunc pro tunc, granting an extension to serve Scott by publication. The inability of plaintiff to personally serve Scott constitutes the good cause referred to in Rule 4(j) to permit an enlargement of time to serve by publication.

---

636(b)(1)(A) of Title 28, United States Code, it is hereby

ORDERED that the rules of this court be amended and supplemented by adding a new Rule 17, to be known as the pretrial procedure rule which shall provide as follows:

(a) The magistrates are hereby designated to hear and determine in all civil causes any pre-trial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may re-consider any pretrial matter under this subparagraph where it has been shown that the magistrate's order is clearly erroneous or contrary to law. V.I. Code Ann. tit. 5, App. V Rule 17 (Equity 1982).

## C.

▇ Finally the Court must determine if the amended complaint as received satisfies the requirements of Fed. R. Civ. P. 15(a). The Court received the amended complaint on April 19, 1990. The action was still open when the amended complaint was received. Rule 15(a) provides that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . ." Under Rule 15(a) a party may amend the complaint, without leave of court, where, as here no responsive pleading has been served. Moreover, the amended complaint appears to supply the information that Judge O'Brien required Crawley to supply in his order for a more definite statement. Accordingly, the clerk will be directed to file and docket, nunc pro tunc, the amended complaint received April 19, 1990. An appropriate order will be entered.

## ORDER

THIS MATTER having come before the court on motion of defendants, Leon Ronald Arens d/b/a Latitude 18 and Dr. Donald Young pursuant to Fed. R. Civ. P. 60(a) for the Court to clarify Judge O'Brien's Order of Dismissal issued March 23, 1989; and

The court having considered the arguments and submissions of counsel; and

For the reasons set forth in this court's Memorandum of this date; it is hereby

ORDERED:

THAT the Clerk of the Court is directed to correct the docket sheet to reflect the filing and docketing of the amended complaint received April 19, 1989, and

THAT insofar as the motion to clarify is a motion to dismiss it is DENIED, and

THAT pursuant to the motion to clarify submitted by defendants Leon Ronald Arens d/b/a Latitude 18 and Dr. Donald Young the court determines that Judge O'Brien's Order of Dismissal entered March 23, 1989 only dismissed paragraphs 8, 11 and 15 of the complaint as to defendants Arens and Young.